UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SEECA MEDICAL, INC. AND<br>SEECA VISION, INC.<br>    Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND<br>CASUALTY COMPANY,<br>    Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | CIVIL ACTION NO:<br><br><br>JUDGE:<br><br><br><br>MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**NOW COMES**, through undersigned counsel, Defendant State Farm Fire and Casualty Company ("State Farm"), who, pursuant to 28 U.S.C. §§ 1332 and 1446, removes this matter from the 32nd Judicial District Court for the Parish of Terrebonne to the docket of this Honorable Court.

1.  This suit concerns a Hurricane Ida claim for insurance benefits and bad faith penalties. On August 29, 2023, Plaintiffs SEECA Medical, Inc., and SEECA Vision, Inc., filed a Petition for Damages against State Farm in the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, Case No. 198030. *Exhibit A*. Plaintiffs allege that that they lease business properties in Houma, Louisiana, and that Hurricane Ida caused damage to Plaintiffs' betterments and improvements and business personal property at the properties, as well as loss of income. They assert a claim for insurance benefits under their State Farm medical office policy, which is incorporated by reference into Plaintiffs' Petition and a copy of which is attached hereto as *Exhibit D*. Plaintiffs also seek extra-contractual damages in connection with State Farm's alleged bad-faith adjustment of their claim.

{N0396348 - 2}

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendant.

3. Plaintiffs allege that Hurricane Ida caused significant damage to Plaintiffs' betterments and improvements and business personal property, as well as loss of income. *See Exhibit A,* at ¶ 6. They assert that State Farm breached its medical office policy with Plaintiffs when it failed to timely and adequately tender benefits in connection with their claim, even after receiving satisfactory proof of loss. *See Exhibit A*, at ¶ 18. Plaintiffs then allege that State Farm's breach of the policy was in bad faith and was arbitrary, capricious, rendering State Farm liable for the statutory penalties prescribed under LSA-R.S. 22:1973 and LSA-R.S. 22:1892. See *Exhibit A*, at ¶ 19, 22-33.

4. State Farm did not file an original Answer in state court prior to removal.

5. State Farm now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing of Notice of Removal with the state court in which this case was previously pending.

**II.     GROUNDS FOR REMOVAL**

6. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

**A.     Complete Diversity Exists Between the Parties**

7. Upon information and belief, Plaintiffs SEECA Medical, Inc., and SEECA Vision, Inc., are corporations formed in Louisiana and with their principal places of business in Louisiana.

*See Exhibit A*, at Introductory Paragraph. Thus, Plaintiffs are citizens of Louisiana pursuant to 28 U.S.C. § 1332(c)(1).

8. Defendant State Farm Fire and Casualty Company was, at the time this action was commenced, and still is incorporated in Illinois and maintains its principal place of business in Illinois. Thus, State Farm is, a citizen of Illinois, pursuant to 28 U.S.C. § 1332(c)(1).

### B. The Amount in Controversy Exceeds $75,000.00

9. Plaintiffs seek monetary damages including the costs to repair covered property, debris removal expenses, and damages for loss of business income, as well as statutory penalties and attorney's fees. *Exhibit A* at ¶ 37.

10. The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000). Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount." *Id*.

11. To meet this burden, the defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and, if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014); *see also Yor-Wic Constr. Co., Inc. v. Eng'g Design Techs., Inc.*, 2017 WL 3447808, at *2 (W.D. La. Apr. 19, 2017), report and recommendation adopted, No. CV 17-0224, 2017 WL 3431845 (W.D. La. Aug. 9, 2017).

12. While plaintiffs in Louisiana "are generally prohibited from alleging a monetary amount of damages in the petition," recent changes to the Louisiana Code of Civil Procedure have established new rules regarding the general pleading of damages in Louisiana. *Sonnier v. Republic Fire & Cas. Ins. Co.*, No. 06 1554, 2006 WL 3924238, at *1 (W.D. La. Nov. 22, 2006) (citing La. C.C.P. Art. 893). In particular, if a plaintiff's claim seeks less than the amount required for the exercise of federal jurisdiction, Louisiana civil procedure **requires** that a plaintiff specifically allege so in his petition. *Id.* Specifically, La. C.C.P. article 893 states, in pertinent part:

> A.(1) No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. **The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish** the jurisdiction of the court, the right to a jury trial, **the lack of jurisdiction of federal courts due to insufficiency of damages**, or for other purposes, **a general allegation that the claim exceeds or is less than the requisite amount is required**. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.

La. C.C.P. art. 893 (emphasis added). Some courts have found a plaintiff's failure to affirmatively allege this limitation in his petition is itself sufficient to establish the amount in controversy exceeds $75,000. *Cf. Sonnier*, 2006 WL 3924238, at *1[1] *with Lowrie*, 2015 WL 9685508, at *1.[2]

13. In this case, Plaintiffs have not alleged that their damages do not exceed the jurisdictional threshold for removal under diversity jurisdiction, as required by La. C.C.P. art. 893. *See generally, Exhibit A.* Their decision not to plead the requisite damages limitation must be considered intentional and measured decision not to do so. Thus, their Petition without the requisite

---

[1] "Here, the petition contains no such limitation. Thus, plaintiff has, in effect, conceded in his state court pleadings that the requisite jurisdictional amount is in controversy. This creates a "strong presumption" in favor of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 591 (1938). **Accordingly, it is "facially apparent" that the amount in controversy exceeds $75,000.**"

[2] "Second, Article 893 allows a plaintiff to pray generally that there is a lack of jurisdiction of federal courts due to insufficiency of damages, but Plaintiff did not do so. The mere lack of such allegation is insufficient to establish the amount in controversy, but it is entitled to some consideration in the inquiry."

damages limitation constitutes a concession in the "state court pleadings that the requisite jurisdictional amount is in controversy." *Sonnier*, 2006 WL 3924238, at *1.

14. Additionally, Plaintiffs have not responded to State Farm's request that they stipulate their damages do not exceed $75,000. *See Exhibit E* (November 17, 2023 Correspondence with Stipulation and Renunciation).

15. Further, Plaintiffs allege that State Farm failed to timely and adequately tender policy proceeds for Plaintiffs' various alleged damages. *See Exhibit A*, at ¶ 18. Plaintiffs seek penalties and attorney's fees under La. R.S. 22:1892. *Exhibit A*, at ¶ 28. If Plaintiffs were able to meet their burden of proving that State Farm arbitrarily failed to timely pay the amounts owed them, then State Farm may be liable for 50% damages on the amount found to be due to the Plaintiffs or on sums previously paid to Plaintiffs during State Farm's adjustment of their claim. *See* La. R.S. 22:1892(B)(1). To date, State Farm has tendered at least $434,550.97 to Plaintiffs under the Policy. *See* Summary of Loss dated January 27, 2023, attached hereto as *Exhibit F*. If Plaintiffs succeed on their bad faith claim, State Farm could face liability up to 50% of the tendered amount, or $217,275.49. Thus, the penalties sought by Plaintiffs alone satisfy the requirement for amount in controversy under 28 U.S.C. § 1332(a). This amount does not include attorney's fees, which Plaintiffs also seek through this litigation. *See Exhibit A*, at ¶ 28.

16. But moreover, Plaintiffs allege that, in addition to penalties and attorney's fees, they are entitled to other damages including the costs to repair covered property, debris removal expenses, and damages for loss of business income *Exhibit A*, at ¶ 37. State Farm denies that it is liable to Plaintiffs for any sum and avers that Plaintiffs have been compensated for all amounts for which State Farm has received satisfactory proof of loss. However, these additional claimed

5

damages only further establish that the amount in controversy requirement has been met in this matter.

### III. VENUE

17. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana.

### IV. PROCEDURAL REQUIREMENTS

18. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Plaintiffs' Petition for Damages |
| B. | State Farm's Certificate of Compliance |
| C. | Copy of the State Court Record |
| D. | State Farm Policy |
| E. | November 17, 2023 Correspondence with Stipulation and Renunciation |
| F. | Summary of Loss dated January 27, 2023 |

19. This Notice of Removal is being filed within thirty (30) days of October 23, 2023, the date on which the Secretary of States was served with Plaintiffs' Petition. *See Exhibit C*. Thus, this notice of removal is timely filed under 28 U.S.C. §1446(b).

20. There exists an actual and justiciable controversy between Plaintiffs and State Farm with regard to the legal issues herein and this controversy and the amount thereof is within the jurisdiction of this Court.

21. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice. *Exhibit C.*

6

22. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same. *Exhibit B*.

23. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the Clerk of Court for the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana promptly after filing of same. *Exhibit B*.

24. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served join and consent to the removal of this action. Defendant State Farm Fire and Casualty Company is the sole defendant named in Plaintiffs' Petition.

25. The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE**, Defendant, State Farm Fire and Casualty Company, prays that this Notice of Removal will be deemed good and sufficient and that this matter will be accepted onto this Court's docket.

Respectfully submitted,

*/s/ Robin D. Cassedy*
ROBIN D. CASSEDY, #36408
STRAUSS MASSEY DINNEEN LLC
935 Gravier Street, Suite 1250
New Orleans, Louisiana 70112
Telephone: (504) 380-0290
Facsimile: (504) 332-8434
rcassedy@smd-law.com

*Attorney for State Farm Fire and Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record either by hand delivery, email, facsimile or by placing the same in the United States mail, properly addressed and postage pre-paid, this 21st day of November 2023.

/s/ *Robin D. Cassedy*
**ROBIN D. CASSEDY**