# CITATION ON PETITION

| | | |
|---|---|---|
| SEECA MEDICAL INC - ET AL<br><br>Versus<br><br>STATE FARM FIRE AND CASUALTY COMPANY |  | Civil Case: 0198030<br>Division: B<br>32nd Judicial District Court<br>Parish of Terrebonne<br>State of Louisiana |

A RESIDENT OF EAST BATON ROUGE PARISH

TO: STATE FARM FIRE AND CASUALTY COMPANY
THROUGH THEIR REGISTERED AGENT FOR SERVICE OF PROCESS:
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVE
BATON ROUGE, LA 70809

SERVED ON
R. KYLE ARDOIN
OCT 23 2023
SECRETARY OF STATE
COMMERCIAL DIVISION

You are named as a defendant in the above captioned matter. Attached to this citation is a:

☒ **Certified Copy of Original Petition filed on August 29, 2023**
☐ Certified Copy of Amended Petition
☐ Discovery Request

**YOU ARE NOTIFIED** that you must either comply with the demand contained in the attached petition or make an appearance either by filing an answer or other pleading in the 32nd Judicial District Court located at 7856 Main St., Houma, LA 70360 (P. O. Box 1569, Houma, LA 70361) within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law. If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.
B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen (15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.
C. The Court may grant additional time for answering.

**THE CLERK OF COURT'S OFFICE CANNOT PROVIDE LEGAL ADVICE.**

This Citation was issued by the Clerk for the Court for the 32nd Judicial District Court, Parish of Terrebonne, on the 11th day of October, 2023.

THERESA A. ROBICHAUX
CLERK OF COURT

By: _____
Deputy Clerk of Court

Requested by: Mr. Sye J Broussard, Attorney at Law
7605 Park Ave
Houma, LA 70364  (985) 868-4800

Returned and Filed

A COPY OF THE CASE MANAGEMENT ORDER
REGARDING HURRICANE IDA CLAIMS
IS ATTACHED TO THIS NOTICE

_____
Deputy Clerk of Court

[ SERVICE ]

EXHIBIT A

**32nd JUDICIAL DISTRICT COURT FOR THE PARISH OF TERREBONNE**

**STATE OF LOUISIANA**

CIVIL DOCKET NO. __198030__   DIVISION: "_B_"

**IN RE: HURRICANE IDA CLAIMS**

**SEECA MEDICAL, INC. AND SEECA VISION, INC.**

**VERSUS**

**STATE FARM FIRE AND CASUALTY COMPANY**

FILED: ___AUG 2 9 2023___   /s/ Cacy C. Harrington
   **DEPUTY CLERK**

---

**PETITION FOR DAMAGES**

---

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, come petitioners, **SEECA MEDICAL, INC. AND SEECA VISION, INC.**, Louisiana corporations domiciled in the Parish of Terrebonne, State of Louisiana (collectively, "*Petitioner*"), who respectfully represent:

**I. DEFENDANT**

1.

Made Defendant herein is **STATE FARM FIRE AND CASUALTY COMPANY**, a foreign insurance company licensed to and doing business in the Parish of Terrebonne, State of Louisiana, with a principal address of One State Farm Plaza, Bloomington, IL 61710 ("*Defendant*").

**II. JURISDICTION AND VENUE**

2.

Jurisdiction is proper in this Honorable Court as this Court maintains subject matter jurisdiction over the dispute based on the object of demand and the amount in controversy.

3.

Venue is proper in this Parish pursuant to La C.C.P. arts. 74 and 76.1. The wrongful conduct that forms the basis of this pleading occurred in this Parish; the damages to Petitioner were sustained in this Parish; the contracts between Petitioner and Defendant that form the basis

1

**JASON A. DAGATE**
**JUDGE - DIVISION B**

of this pleading were executed in this Parish; and the work or service performed from the contracts was in this Parish.

### III. BACKGROUND AND FACTS

4.

Pertinent to this lawsuit, Petitioner leases the immovable property with improvements bearing municipal addresses 249 Corporate Drive, Houma, Louisiana 70360 and 406 Corporate Drive, Houma, Louisiana 70360 (collectively, the "*Properties*").

5.

At all pertinent times herein, Defendant issued a policy of insurance to Petitioner for the Property under **Policy No. 98-GE-3838-7** covering Petitioner for damages, including, but not limited to, Petitioner's betterments and improvements and business personal property, debris removal, and loss of business income, resulting from perils, including hurricanes.

6.

On or about **August 29, 2021**, Hurricane Ida made landfall in Southeast Louisiana causing damage, including, but not limited to, to Petitioner's betterments and improvements and business personal property, debris removal, and loss of business income to Petitioner.

7.

Petitioner promptly reported the loss to Defendant who opened a Hurricane Ida insurance claim (the "*Claim*").

8.

Petitioner immediately took steps to mitigate its damages to best of Petitioner's ability and eventually provided Defendant with satisfactory proof of loss including, but not limited to, evidence of damages and itemized repair and/or replacement estimates for damages to Petitioner's betterments and improvements and business personal property, debris removal, and loss of business income to Petitioner.

9.

At some point, Defendant inspected the Property and documented the damages sustained as a result of Hurricane Ida (the "*Inspection*").

10.

EXHIBIT A

The Inspection constituted satisfactory proof of loss as required per La. R.S. § 22:1892 and 1973.

11.

By filing the Claim and providing Defendant with damage information and access to the Property, satisfactory proof of loss as required per La. R.S. § 22:1892 and 1973 was accomplished.

12.

Due to Defendant's refusal to pay the amount owed to Petitioner on the Claim, Petitioner was forced to utilize funds from other sources to repair as much damage to the Property as feasible and expend an enormous amount of time, money and energy attempting to get Defendant to pay the full value of the Claim.

13.

To date, despite being provided with satisfactory proof of loss, Defendant has failed to timely and adequately tender payment to Petitioner on the Claim.

14.

The failure of Defendant to adequately pay the Claim despite satisfactory proof of loss and the time and manner which the Claim was processed was all arbitrary, capricious, and/or without probable cause, thereby rendering Defendant liable in bad faith in violation of Louisiana law as set forth below.

### IV.   CAUSES OF ACTION

**A.   Breach of Insurance Contract**

15.

Petitioner re-alleges and incorporates the above paragraphs as if fully set forth herein.

16.

The Policy is a valid, binding legal insurance contract between Petitioner and Defendant.

17.

The Policy provides coverage to Petitioner for damages resulting from Hurricane Ida, including, but not limited to, to Petitioner's betterments and improvements and business personal property, debris removal, and loss of business income to Petitioner.

3

18.

Defendant has breached the insurance contract in the following ways:

a) Failing to timely and adequately initiate Petitioner's losses per the Claim;

b) Failing to timely and adequately calculate Petitioner's losses per the Claim;

c) Failing to timely and adequately tender proceeds to cover damage sustained to the betterments and improvements and business personal property located on the Property;

d) Failing to timely and adequately tender proceeds to cover debris removal;

e) Failing to timely and adequately tender proceeds to cover damage loss of business income sustained by Petitioner;

f) Failing to timely and adequately tender proceeds after receiving satisfactory proof of loss;

g) Failing to timely and adequately tender undisputed proceeds after receiving the satisfactory proof of loss;

h) Failing to make a written offer to settle the Claim within the time constraints allowed under Louisiana law;

i) Purposely and/or negligently misrepresenting to Petitioner the terms and conditions of the Policy;

j) Failing to evaluate and process the Claim in good faith and fair dealing;

k) Refusing to timely and adequately communicate with Petitioner during the Claims process; and

l) Other ways which will be shown at trial.

19.

Defendant's breach of the insurance contract was in bad faith.

20.

Petitioner has fully and satisfactorily performed all of his obligations pursuant to the insurance contract, yet Defendant has failed to perform.

21.

As a result of Defendant's breach, Petitioner has been damaged as set forth below and

4

continues to incur damages daily.

**B.     Violation of La. R.S. § 22:1892**

22.

Petitioner re-alleges and incorporates the above paragraphs as if fully set forth herein.

23.

Pursuant to La. R.S. § 22:1892, Defendant was required to: (a) pay the Claim and make a written offer to settle the Claim within thirty (30) days after receipt of satisfactory proof of loss and (b) initiate loss adjustments within sixty (60) days after notification of loss by Petitioner.

24.

The Inspection that occurred constituted satisfactory proof of loss which triggered the statutory deadlines per La. R.S. § 22:1892 to pay the Claim and make a written offer to settle the Claim.

25.

In the alternative, when Petitioner provided Defendant damage information, satisfactory proof of loss was accomplished which triggered the statutory deadlines per La. R.S. § 22:1892.

26.

To date, Defendant has failed to make a written offer to settle the Claim and initiate loss adjustments within the statutory deadlines per La. R.S. § 22:1892.

27.

Defendant's violations of the duties set forth above were arbitrary, capricious, and/or without probable cause.

28.

For Defendant's violations of La. R.S. § 22:1892 as set forth above, Petitioner is entitled to recover, in addition to the amount of the Claim, statutory penalties of fifty percent of the amount found to be due from Defendant to Petitioner, or one thousand dollars, whichever is greater, as well as reasonable attorney fees and costs.

**C.     Violation of La. R.S. § 22:1973**

29.

Petitioner re-alleges and incorporates the above paragraphs as if fully set forth herein.

5

30.

Pursuant to La. R.S. § 22:1973, Defendant owed Petitioner a duty of good faith and fair dealing and to adjust the Claim fairly and promptly.

31.

Defendant violated these duties as follows:

a) Failing to timely and adequately initiate Petitioner's losses per the Claim;

b) Failing to timely and adequately calculate Petitioner's losses per the Claim;

c) Failing to timely and adequately tender proceeds to cover damage sustained to the betterments and improvements and business personal property located on the Property;

d) Failing to timely and adequately tender proceeds to cover debris removal;

e) Failing to timely and adequately tender proceeds to cover damage loss of business income sustained by Petitioner;

f) Failing to timely and adequately tender proceeds after receiving satisfactory proof of loss;

g) Failing to timely and adequately tender undisputed proceeds after receiving the satisfactory proof of loss;

h) Failing to make a written offer to settle the Claim within the time constraints allowed under Louisiana law;

i) Purposely and/or negligently misrepresenting to Petitioner the terms and conditions of the Policy;

j) Failing to evaluate and process the Claim in good faith and fair dealing;

k) Refusing to timely and adequately communicate with Petitioner during the Claims process; and

l) Other ways which will be shown at trial.

32.

Defendant's violations of the duties set forth above were arbitrary, capricious, and/or without probable cause.

33.

6

EXHIBIT A

For Defendant's violations of La. R.S. § 22:1973, as set forth above, Petitioner is entitled to recover, in addition to the amount of the Claim, an amount equal to two times the damages sustained by Petitioner, as set forth below, or five thousand dollars, whichever is greater, as well as reasonable attorney fees and costs.

**D.    Negligent Claims Adjusting**

34.

Petitioner re-alleges and incorporates the above paragraphs as if fully set forth herein.

35.

For all of the above actions and inactions of Defendant as set forth above, Defendant is liable to Petitioner under the legal theory of negligent claims adjusting entitling Petitioner to the damages set forth below.

**V.    DAMAGES**

36.

Petitioner re-alleges and incorporates the above paragraphs as if fully set forth herein.

37.

As a direct result of Defendant's actions, inactions, and omissions described above and which will be proven at trial, Petitioner are entitled to recover the following from Defendant:

a) Diminution of the value of the Property;

b) Costs to adequately repair and/or replace damages to the betterments and improvements and business personal located on the Property;

c) Debris removal expenses;

d) Loss of business income;

e) Reimbursement for repairs Petitioner made to the Property;

f) Costs for content manipulation to repair the Property;

g) Repair and remediation expenses;

h) Statutory penalties, damages, attorneys' fees, and costs per La. C.C. art. 1997;

i) Statutory penalties, damages, attorneys' fees, and costs per La. R.S. § 22:1892;

j) Statutory penalties, damages, attorneys' fees, and costs per La. R.S. §

7

22:1973;

k) Statutory penalties, damages, attorneys' fees, and costs per La. R.S. § 22:1895;

l) Pecuniary and non-pecuniary damages;

m) Penalties, damages, and attorneys' fees;

n) Other professional fees and costs of litigation;

o) Costs of these proceedings;

p) Costs of estimates, estimators, adjusters, professions, and/or experts; and

q) Other damages as will be shown at trial

(Collectively, the "*Damages*").

## VI.   JURY DEMAND

38.

Petitioner demands a trial by jury on all issues.

**WHEREFORE**, Petitioners, **SEECA MEDICAL, INC. AND SEECA VISION, INC.**, prays Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, be served with a copy of this Petition for Damages and be duly cited to appear and answer the same, and that after due proceedings are had there be judgment in favor Petitioners, **SEECA MEDICAL, INC. AND SEECA VISION, INC.**, and against Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, in a principal sum to adequately compensate Petitioners for the Damages set forth herein, with legal interest thereon from the date of judicial demand until paid in full, attorneys' fees, expenses, all costs of these proceedings, and for all other general and equitable relief this Honorable Court deems lawful, proper, and just.

Respectfully submitted,

FILED
AUG 29 2023
/s/ Cacy C. Harrington
DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA

SYE J. BROUSSARD (Bar #33035), T.A.
JACKIE DOVE BROUSSARD (Bar # 33539)
VICTOR M. DANTIN (Bar# 35462)
BROUSSARD & DOVE, APLC
7605 Park Avenue | Houma, Louisiana 70364
T: 985.868.4800 | F: 985.868.4899
E: Sye@BroussardDoveLaw.com
  Jackie@BroussardDoveLaw.com
  Vic@BroussardDoveLaw.com
*Email for Service of Process:*
*ServiceofProcess@BroussardDoveLaw.com*
*Attorneys for Petitioner*



8

**PLEASE SERVE:**

**STATE FARM FIRE AND CASUALTY COMPANY**
Through their registered agent for service of process:
**Louisiana Secretary of State**
8585 Archives Ave.
Baton Rouge, LA 70809

EXHIBIT A